**FARAH LAW, P.C.**
Neda Farah (State Bar No. 269819)
265 S. Doheny Dr., Suite # 102
Beverly Hills, California 90211
Telephone: 310-666-3786
Facsimile: 775-261-1726
E-Mail: neda@nedafarahlaw.com
*Attorney for the Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATALIE DOBROTT,<br><br>    Plaintiff,<br><br>  v.<br><br>J.P. MORGAN CHASE BANK, N.A.,<br><br>    Defendant. | Case No. 8:21-cv-00563<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 ET SEQ.**<br><br>**2. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

# COMPLAINT

NOW COMES Plaintiff NATALIE DOBROTT ("Plaintiff"), by and through the undersigned attorneys, complaining as to the conduct of J.P. MORGAN CHASE BANK, N.A. ("Defendant") as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 *et seq.* and the Rosenthal Fair Debt

1

Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Central District of California and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of California.

### PARTIES

4. Plaintiff is a disabled consumer over-the-age of 18, residing in Orange County, California, which is located within the Central District of California.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6. Defendant provides various banking and other financial services to consumers nationwide. Defendant is a national association formed under the laws of the State of Delaware, with its principal place of business located at 270 Park Avenue, New York, New York 10017.

7. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

8.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

9.  Plaintiff obtained an Amazon credit card, which was issued through Defendant.

10.  In early 2021, as a result of financial hardship, as well as the onset of physical disabilities, Plaintiff began falling behind on her scheduled payments owed to Defendant, thus incurring debt ("subject debt").

11. Shortly thereafter, Plaintiff began receiving calls to her cellular phone, (949) XXX-2000, from Defendant.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -2000. Plaintiff is and always has been financially responsible for the cellular phone and its services.

13. Defendant has used a variety of phone numbers when placing calls to Plaintiff's cellular phone, including but not limited to: (813) 584-8887, (833) 362-0403, and (833) 362-0388.

14. Upon information and belief, the above-referenced phone numbers are regularly utilized by Defendant during its debt collection activities.

15. Upon answering calls from Defendant, Plaintiff experiences a noticeable pause, lasting a handful of seconds in length, and has to repeatedly say "hello" before a live representative begins to speak.

16. Upon speaking with Defendant, Plaintiff was informed that Defendant was seeking to collect upon the subject debt.

17. Plaintiff informed Defendant that she is disabled and has limited financial resources, as she is unable to work.

18. Rather than understanding Plaintiff's condition and financial situation, Defendant's representatives continued placing systematic phone calls, and persisted with their coercive attempts at extracting payment from Plaintiff.

19. Aggravated over Defendant's harassing contacts, Plaintiff demanded that Defendant stop contacting her.

20. Yet, Defendant willfully ignored Plaintiff's demands and has continued placing phone calls to Plaintiff's cellular phone through the filing of this action.

21. Defendant has also placed multiple calls to Plaintiff's cellular phone during the same day, including on March 19, 2021.

22. Plaintiff has received not less than 15 automated phone calls from Defendant since demanding that it stop contacting her.

23. Due to Defendant's conduct, Plaintiff was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

24. Due to Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other collectors from engaging in the unlawful collection practices described in this Complaint, *supra*.

25. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

26. Plaintiff has suffered additional concrete harm as a result of Defendant's actions, including but not limited to: invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

27. Plaintiff repeats and realleges paragraphs 1 through 26 as though fully set forth herein.

28. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") *or* an artificial *or* pre-recorded messages without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

29. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone.  The significant pause, lasting several seconds in length, and the fact that Plaintiff has had to repeatedly say "hello" several times before a live representative begins to speak, [1] is instructive that an ATDS was being utilized to generate the phone calls.

30. Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS. Specifically, the near-daily calls suggests that Defendant's phone system has the capacity to randomly or sequentially generate Plaintiff's cellular phone number and dial such number automatically, rather than through some process where Defendant is actively choosing to call Plaintiff's number and subsequently initiating the calling process after determining that Plaintiff was the intended target of its phone calls.

31. Upon information and belief, the system employed by Defendant to place the phone calls to Plaintiff's cellular phone has the means to identify the owner of the number that is produced shortly after the number is produced.

32. In light of the foregoing and upon further information and belief, the system employed by Defendant to place phone calls to Plaintiff's cellular phone has the

---

[1] Upon information and belief, the ATDS employed by Defendant transfers the call to a live representative once a human voice is detected, hence the conspicuous delay before being connected to a live representative. Furthermore, the ATDS employed by Defendant to contact Plaintiff's cellular phone detects when it has reached an individual's voicemail, and subsequently transfers such call to a live representative in the event Defendant's then-set calling campaign calls for leaving messages.

*capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

33.  Defendant violated the TCPA by placing at least 15 phone calls to Plaintiff's cellular phone using an ATDS messages without her consent. Any consent that Plaintiff *may* have given to Defendant by virtue of incurring the subject debt was explicitly revoked by Plaintiff's demands that it cease contacting her.

34. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

35.  Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff  is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, NATALIE DOBROTT, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

e.  Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

36. Plaintiff restates and realleges paragraphs 1 through 35 as though fully set forth herein.

37. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

38. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

39. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

### a.  Violations of RFDCPA § 1788.17

40. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j [of the Fair Debt Collection Practices Act ("FDCPA")], inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

### i.  Violations of the FDCPA §1692c and §1692d

41. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further

prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

42. Defendant violated §1692c(a)(1), d and d(5) when it repeatedly called Plaintiff after being notified to stop.  Defendant's behavior of systematically calling Plaintiff's phone on a daily basis, including multiple times during the same day, in spite of Plaintiff's demands that Defendant cease doing so, was harassing and abusive. The frequency and nature of the calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

43.  Defendant was notified by Plaintiff that its calls were not welcomed.  As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

### ii. Violations of the FDCPA § 1692e

44. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

45. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

46. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt.  In spite of the fact that Plaintiff informed Defendant of her physical and financial hardships, as well as Plaintiff's demands that

it stop calling her, Defendant continued with its onslaught of collection calls, including the placement of multiple calls during the same day. Defendant engaged in this behavior in a deceptive attempt to force Plaintiff to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her after Plaintiff notified Defendant to cease contacting her.

### iii. Violations of FDCPA § 1692f

47. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

48. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by repeatedly calling Plaintiff after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous automated phone calls without her permission is unfair and unconscionable behavior.  These means employed by Defendant only served to worry and confuse Plaintiff.

49. Defendant willfully and knowingly violated the RFDCPA.  Defendant was aware that Plaintiff did not wish to be contacted, but yet, it continued to bombard Plaintiff with automated phone calls demanding payment for the subject debt. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

50. As plead in paragraphs 23 through 26, *supra,* Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, NATALIE DOBROTT, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Award any other relief as the Honorable Court deems just and proper.

Dated: March 26, 2021         Respectfully submitted,

By: /s/ Neda Farah
Neda Farah, Esq.
**FARAH LAW, P.C.**
265 S. Doheny Dr., Suite # 102
Beverly Hills, California 90211
Telephone: 310-666-3786
Facsimile: 775-261-1726
E-Mail: neda@nedafarahlaw.com